UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

REYNA E. GARCIA ROSALES,                                         **22-cv-04041**

               Plaintiff,                                              **COMPLAINT**

     -against-                                              **PLAINTIFF DEMANDS
                                  TRIAL BY JURY**

LA PLACITA MEAT MARKET NY
CORP., LA PLACITA MEAT MARKET
CORP., RAMON DOMINGUEZ, and JOSE
DOMINGUEZ,

               Defendants.

------------------------------------------------------------X

     Plaintiff, REYNA E. GARCIA ROSALES ("Plaintiff"), as and for her Complaint against

Defendants, LA PLACITA MEAT MARKET NY CORP. ("La Placita NY"), LA PLACITA

MEAT MARKET CORP. ("La Placita"), RAMON DOMINGUEZ ("Ramon Dominguez"), and

JOSE DOMINGUEZ ("Jose Dominguez") (collectively, "Defendants"), respectfully alleges as

follows:

## JURISDICTION AND VENUE

     1.     Plaintiff brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.

§§ 201 *et seq.*, Articles 6 and 19 of the New York Labor Law ("NYLL"), and Title 12, Part 146 of

the New York Codes, Rules, and Regulations ("NYCRR"), to recover lost wages and other relief

related to her employment with Defendants.

     2.     Jurisdiction over Plaintiff's FLSA claim is based upon Section 216(b) of the FLSA,

29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

     3.     The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claim that they form part

of the same case or controversy.

4.      Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5.      Plaintiff is an adult female who resides in the State of New York.

6.      Upon information and belief, Ramon Dominguez is an adult male who resides in the State of New York.

7.      Upon information and belief, Jose Dominguez is an adult male who resides in the State of New York.

8.      Upon information and belief, La Placita is a domestic business corporation duly organized and existing under the laws of the State of New York.

9.      Upon information and belief, La Placita NY is a domestic business corporation duly organized and existing under the laws of the State of New York.

10.      Upon information and belief, La Placita and La Placita NY maintain a principal place of business located at 58 Surrey Circle, Shirley, New York 11967.

## FACTS

11.      La Placita and La Placita NY own and operate a delicatessen known as the La Placita Meat Market located at 58 Surrey Circle, Shirley, New York 11967.

12.      Upon information and belief, La Placita and La Placita NY's operations are interrelated and unified.

13.      Upon information and belief, La Placita and La Placita NY shared common management, were centrally controlled, and/or were owned by Ramon Dominguez and Jose Dominguez.

14.     Upon information and belief, at all relevant times, La Placita and La Placita NY shared employees, equipment, and supplies.

15.     Plaintiff is a former employee of the La Placita Meat Market.

16.     Upon information and belief, La Placita and La Placita NY are part of a single integrated enterprise that jointly employed Plaintiff at the La Placita Meat Market.

17.     Upon information and belief, La Placita and La Placita NY maintained control, oversight, and direction over Plaintiff, including timekeeping, payroll, and other employment practices applied to her during her employment at the La Placita Meat Market.

18.     Upon information and belief, at all relevant times, Ramon Dominguez was an owner, officer, director, shareholder, and/or managing agent of La Placita and La Placita NY.

19.     Upon information and belief, at all relevant times, Ramon Dominguez was the President of La Placita and La Placita NY.

20.     Upon information and belief, at all relevant times, Ramon Dominguez was the Chief Operating Office of La Placita and La Placita NY.

21.     Upon information and belief, at all relevant times, Ramon Dominguez participated in running the daily operations of La Placita and La Placita NY.

22.     At all relevant times, Ramon Dominguez participated in the management and supervision of Plaintiff and her work for La Placita and La Placita NY and the La Placita Meat Market.

23.     Upon information and belief, at all relevant times, Ramon Dominguez exercised operational control over La Placita and La Placita NY, controlled significant business functions of La Placita and La Placita NY, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of La Placita and La Placita NY in devising, directing, implementing,

and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

24.     Upon information and belief, at all relevant times, Jose Dominguez was an owner, officer, director, shareholder, and/or managing agent of La Placita and La Placita NY.

25.     Upon information and belief, at all relevant times, Jose Dominguez participated in running the daily operations of La Placita and La Placita NY.

26.     At all relevant times, Jose Dominguez participated in the management and supervision of Plaintiff and her work for La Placita and La Placita NY and the La Placita Meat Market.

27.     Upon information and belief, at all relevant times, Jose Dominguez exercised operational control over La Placita and La Placita NY, controlled significant business functions of La Placita and La Placita NY, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of La Placita and La Placita NY in devising, directing, implementing, and supervising the wage and hour practices and policies relating to their employees, including Plaintiff.

28.     As such, La Placita, La Placita NY, Ramon Dominguez, and Jose Dominguez are covered employers within the meaning of the FLSA and the NYLL, and, at all relevant times, jointly employed Plaintiff.

29.     Defendants employed Plaintiff from in or about December 2020 until on or about April 28, 2022.

30.     Defendants employed Plaintiff as a cashier for their benefit and at their direction.

31.     Plaintiff's primary job duties included operating the cash register.

32.     During Plaintiff's employment with Defendants, Plaintiff was required to punch in and out of her daily shifts.

33.     Upon information and belief, Defendants are in possession of time records for the days and weeks that Plaintiff worked.

34.     During Plaintiff's employment, Plaintiff worked six (6) days per week with Fridays off. Plaintiff's schedule was as follows: Monday, Tuesday, Thursday, and Sunday from about 2:00 p.m. until about 10:30 p.m., Wednesday from about 2:00 p.m. until about 10:00 p.m., and Saturday from about 5:00 a.m. until about 2:00 p.m.

35.     During her employment, Plaintiff typically worked about fifty-one (51) hours a week.

36.     During the first two (2) months of Plaintiff's employment, Defendants paid Plaintiff a flat weekly rate of pay, regardless of the number of hours she worked.

37.     From about the beginning of February 2021 until about the end of January 2022, Defendants paid Plaintiff $14 an hour.

38.     From about the beginning of February 2022 until the end of Plaintiff's employment, Defendants paid Plaintiff $14.59 per hour.

39.     Defendants paid Plaintiff in cash on a weekly basis.

40.     Defendants did not pay Plaintiff overtime compensation for all hours worked in excess of forty (40) per week at a rate of one-and-one-half times her regular rate of pay.

41.     From December 31,2021 until the end of Plaintiff's employment, Defendants did not pay Plaintiff the statutory minimum wage rate for all hours worked.

42.     Defendants failed to provide Plaintiff with a compliant wage notice at the time of her hiring, or any time thereafter, as required by NYLL § 195(1).

43. Defendants failed to provide Plaintiff with complete and accurate paystubs along with her weekly earnings, as required by NYLL § 195(3).

44. Ramon Dominguez and Jose Dominguez participated in the decision to hire Plaintiff.

45. Ramon Dominguez and Jose Dominguez participated in the decision to fire Plaintiff.

46. Ramon Dominguez and Jose Dominguez participated in deciding the job duties that Plaintiff performed.

47. Ramon Dominguez and Jose Dominguez participated in the supervision of Plaintiff's job duties and responsibilities.

48. Ramon Dominguez and Jose Dominguez participated in setting Plaintiff's work schedules.

49. Ramon Dominguez and Jose Dominguez participated in deciding the hours that Plaintiff worked.

50. Ramon Dominguez and Jose Dominguez participated in deciding the manner in which Plaintiff was paid.

51. Ramon Dominguez and Jose Dominguez participated in deciding the compensation Plaintiff was paid.

52. Ramon Dominguez and Jose Dominguez participated in running the day-to-day operations of La Placita and La Placita NY during Plaintiff's employment at the La Placita Meat Market.

53. Defendants managed Plaintiff's employment, including the amount of time she worked each week.

54.     Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

55.     Defendants were aware of Plaintiff's work hours but failed to pay her the proper wages to which she was entitled under the law.

56.     Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights, and Plaintiff has been damaged by such failures.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201 *ET SEQ.***
**FAILURE TO COMPENSATE FOR OVERTIME**

57.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58.     The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

59.     Defendants were and are subject to the overtime pay requirements of the FLSA because La Placita and La Placita NY was a joint enterprise engaged in commerce or in the production of goods for commerce during Plaintiff's employment.

60.     At all times relevant to this Complaint, La Placita and La Placita NY had two (2) or more employees handle goods or materials that have moved in interstate commerce, including Plaintiff who worked as a cashier and handled goods, food items, and currency that originated outside of the State of New York.

61.     Upon information and belief, the gross annual volume of sales made or business done by La Placita and La Placita NY, either individually or jointly, for each applicable year of Plaintiff's employment was not less than $500,000.00.

62.     At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

63.     Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week.

64.     By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

65.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

66.     However, none of the Section 13 exemptions apply to Plaintiff because she did not meet the requirements for coverage under the exemptions during her employment.

67.     Defendants acted willfully and either knew that their conduct violated the FLSA or showed a reckless disregard for the matter of whether their conduct violated the FLSA.

68.     Defendants did not act in good faith with respect to the conduct alleged herein.

69.     As a result of Defendants' violations of the FLSA, Plaintiff incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

70.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

71.     At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

72.     At all times relevant to this Action, Defendants were "employers" of Plaintiff within the meaning of the NYLL and the supporting Regulations pertaining thereto.

73.     At all times relevant to this Action, La Placita and La Placita NY owned and operated the La Placita Meat Market, which is a restaurant as defined by the regulations pertaining to the NYLL.

74.     At all times relevant to this Action, Plaintiff was an "employee" of Defendants within the meaning of the NYLL and the supporting Regulations pertaining thereto.

75.     At all times relevant to this Action, Plaintiff was an "employee" in the hospitality industry as defined by the regulations pertaining to the NYLL.

76.     At all times relevant to this Action, Defendants employed Plaintiff by suffering or permitting her to work within the meaning of the NYLL and the supporting Regulations pertaining thereto.

77.     The overtime wage provisions of Article 19 of the NYLL and its supporting Regulations apply to Defendants and protect Plaintiff.

78.     Under New York law, an employee must be paid overtime, equal to at least one and one-half times the employee's regular rate of pay, for all hours worked in excess of forty (40) per week in the manner and methods provided by the FLSA. 12 N.Y.C.R.R. §§ 146-1.4.

9

79.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law and the Regulations pertaining thereto.

80.     By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which she worked in excess of forty (40) hours a week for Defendants.

81.     Plaintiff was not exempt from the overtime provisions of the New York Labor Law during the relevant periods of her employment, because she did not meet the requirements for any of the exemptions available under New York law.

82.     Defendants acted willfully and either knew that their conduct violated the New York Labor Law or showed a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

83.     Defendants did not act in good faith with respect to the conduct alleged herein.

84.     As a result of Defendants' violations of the NYLL, Plaintiff incurred harm and loss in an amount to be determined at trial, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre- and post-judgment interest.

**COUNT III**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 19**
**FAILURE TO PAY MINIMUM WAGES**

85.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

86.     By the conduct alleged herein, Defendants have willfully failed to pay Plaintiff at the applicable minimum hourly wage, in violation of the New York Minimum Wage Act, specifically NYLL § 652, and the regulations pertaining thereto.

87.     Such failures have constituted outrageous conduct, made knowingly and willfully, or with a reckless indifference to Plaintiff's rights.

88.     Defendants have acted willfully and either knew that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law.

89.     Defendants have not acted in good faith with respect to the conduct alleged herein.

90.     As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages.

91.     As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, interest, and attorneys' fees and costs of litigation.

**COUNT IV**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(1)**
**FAILURE TO PROVIDE WAGE NOTICES**

92.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

93.     Defendants willfully failed to furnish Plaintiff with compliant wage notices during her employment, including the date of her hiring, as required by NYLL § 195(1), in English or in the language identified by the employee as his/her primary language, which were to contain, among other things, the employee's rate or rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and the employee's regular hourly rates of pay and overtime rates of pay.

94.     Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

95.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

**COUNT V**
**VIOLATION OF THE NEW YORK LABOR LAW**
**NYLL SECTION 195(3)**
**FAILURE TO PROVIDE WAGE STATEMENTS**

96.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

97.     Defendants willfully failed to provide Plaintiff with complete, accurate, and written wage statements with her wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

98.     Through their knowing and intentional failure to provide Plaintiff with accurate wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq*. and the supporting Regulations.

99.     Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through her attorneys, THE NHG LAW GROUP, P.C., demands judgment against Defendants and in favor of Plaintiff for a sum that will properly,

adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A.    Declare and find that Defendants committed one or more of the following acts:

    1.    Willfully violated provisions of the FLSA by failing to pay Plaintiff overtime compensation;

    2.    Willfully violated the provisions of the NYLL by failing to pay Plaintiff overtime compensation and minimum wages;

    3.    Willfully violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;

B.    Award compensatory damages, including all wages owed, in an amount according to proof;

C.    Award liquidated damages under the NYLL, or alternatively the FLSA;

D.    Award statutory damages under the NYLL;

E.    Award interest on all NYLL wages due accruing from the date such amounts were due;

F.    Award all costs and attorneys' fees incurred in prosecuting this action; and

G.    Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
       July 11, 2022

THE NHG LAW GROUP, P.C.

_____
By: Keith E. Williams, Esq.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
keith@nhglaw.com